LDA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**William Meehan, Debra A. Jones, Frances C. Hennessey, Jacqueline A. Archambault,Thomas May, Joan Fortin, Kathleen Sousa, Richard Peyton, Gerald and Aline LaFontaine, Kimberly A. O'Grady, Thomasina L. Turner, Donald R. Deslauriers, Tina and Louis Valliere, Kevin Morgan, Mark and Gayle Fazio, Roland and Shirley Vadenais, Linda S. Silva, Charles E. Sullivan, Lisa A. Rebello (Rodi) and Tracy A. Butler**

**Plaintiffs,**

CA 06 345ML
**C.A.**

**VS.**

**AMERIQUEST MORTGAGE COMPANY**
**Defendant**

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant

does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES AND FACTS

### FACTS RELATING TO PLAINTIFF WILLIAM MEEHAN

4. Plaintiff William Meehan resides at 1096 Bullocks Point, East Providence, RI 02915.

5. On or about March 4, 2004 Plaintiff William Meehan obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

7. In connection with the transaction, Plaintiff William Meehan received or signed the following documents:

1. A note in the principal amount of $173,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 1;
5. A One Week Cancellation Period form; attached as Exhibit 2; and
6. A HUD-1 Settlement Statement.

8. On or about July 17, 2006 Plaintiff William Meehan exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy

of the notice is attached as Exhibit 3.

9. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF DEBRA A JONES**

10. Plaintiff Debra A. Jones resides at 569 Smithfield Road, Apt 4, North Providence, RI 02904.

11. On or about April 9, 2004 Plaintiff Debra A. Jones obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

12. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

13. In connection with the transaction, Plaintiff Debra A. Jones received or signed the following documents:

1. A note in the principal amount of $67,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 4;
5. A One Week Cancellation Period form; attached as Exhibit 5; and
6. A HUD-1 Settlement Statement.

14. On or about July 17, 2006 Plaintiff Debra A. Jones exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy

of the notice is attached as Exhibit 6.

15. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF FRANCES C. HENNESSEY**

16. Plaintiff Frances C. Hennessey resides at 137 Fairway Drive, North Providence, RI 02852.

17. On or about May 6, 2005 Plaintiff Frances C. Hennessey obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

18. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

19. In connection with the transaction, Plaintiff Frances C. Hennessey received or signed the following documents:

1. A note in the principal amount of $113,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 7;
5. A One Week Cancellation Period form; attached as Exhibit 8; and
6. A HUD-1 Settlement Statement.

20. On or about July 17, 2006 Plaintiff Frances C. Hennessey exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest.

A Copy of the notice is attached as Exhibit 9.

21. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF JACQUELINE A. ARCHAMBAULT**

22. Plaintiff Jacqueline A. Archambault resides at 30 Baxter Street, Woonsocket, RI 02895.

23. On or about April 15, 2005 Plaintiff Jacqueline A. Archambault obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

24. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

25. In connection with the transaction, Plaintiff Jacqueline A. Archambault received or signed the following documents:

1. A note in the principal amount of $125,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 10;
5. A One Week Cancellation Period form; attached as Exhibit 11; and
6. A HUD-1 Settlement Statement.

26. On or about July 17, 2006 Plaintiff Jacqueline A. Archambault exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to

Ameriquest. A Copy of the notice is attached as Exhibit 12.

27. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF THOMAS MAY**

28. Plaintiff Thomas May resides at 1 Brook Street, North Providence, RI 02911.

29. On or about June 9, 2004 Plaintiff Thomas May obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

30 . The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

31. In connection with the transaction, Plaintiff Thomas May received or signed the following documents:

1. A note in the principal amount of $196,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 13;
5. A One Week Cancellation Period form; attached as Exhibit 14; and
6. A HUD-1 Settlement Statement.

32. On or about July 17, 2006 Plaintiff Thomas May exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy

of the notice is attached as Exhibit 15.

33. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF JOAN FORTIN**

34. Plaintiff Joan Fortin resides at 9-11 Mill Street, Warren, RI 02885.

35. On or about February 23, 2005 Plaintiff Joan Fortin obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

36. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

37. In connection with the transaction, Plaintiff Joan Fortin received or signed the following documents:

1. A note in the principal amount of $272,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 16;
5. A One Week Cancellation Period form; attached as Exhibit 17; and
6. A HUD-1 Settlement Statement.

38. On or about July 5, 2006 Plaintiff Joan Fortin exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 18.

39. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF KATHLEEN SOUSA**

40. Plaintiff Kathleen Sousa resides at 333 Hope Furnance Rd., Scituate, RI 02874.

41. On or about April 12, 2005 Plaintiff Kathleen Sousa obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

42. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

43. In connection with the transaction, Plaintiff Kathleen Sousa received or signed the following documents:

1. A note in the principal amount of $176,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 19;
5. A One Week Cancellation Period form; attached as Exhibit 20; and
6. A HUD-1 Settlement Statement.

44. On or about July 3, 2006 Plaintiff Kathleen Sousa exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 21.

45. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor

the request alleging that Plaintiff received accurate disclosures under the TILA.

## FACTS RELATING TO PLAINTIFF RICHARD PEYTON

46. Plaintiff Richard Peyton resides at 55 Braymans Lane, Portmouth, RI 02871.

47. On or about February 9, 2005 Plaintiff Richard Peyton obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

48. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

49. In connection with the transaction, Plaintiff Richard Peyton received or signed the following documents:

1. A note in the principal amount of $197,930;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as <u>Exhibit 22</u>;
5. A One Week Cancellation Period form; attached as <u>Exhibit 23</u>; and
6. A HUD-1 Settlement Statement.

50. On or about June 19, 2006 Plaintiff Richard Peyton exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit 24</u>.

51. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor

the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFFS GERALD J. LAFONTAINE AND ALINE A. LAFONTAINE**

52. Plaintiffs Gerald J. LaFontaine and Aline A. LaFontaine reside at 29 Francis Ave., East Providence, RI 02915.

53. On or about August 21, 2004 Plaintiffs LaFontaine obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

54. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs' loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiffs as referenced herein.

55. In connection with the transaction, Plaintiffs LaFontaine received or signed the following documents:

1. A note in the principal amount of $100,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as <u>Exhibit 25</u>;
5. A One Week Cancellation Period form; attached as <u>Exhibit 26</u>; and
6. A HUD-1 Settlement Statement.

56. On or about July 5, 2006 the Plaintiffs LaFontaine exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit 27</u>.

57. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF KIMBERLEE A. O'GRADY (a.k.a. Kimberlee A. Dashnaw)**

58. Plaintiff Kimberlee A. O'Grady resides at 525 Willett Ave. Riverside, RI 02915.

59. On or about May 12, 2004 Plaintiff Kimberlee A. O'Grady obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

60. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

61. In connection with the transaction, Plaintiff Kimberlee A. O'Grady received or signed the following documents:

1. A note in the principal amount of $178,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 28;
5. A One Week Cancellation Period form; attached as Exhibit 29; and
6. A HUD-1 Settlement Statement.

62. On or about July 5, 2006 Plaintiff Kimberlee A. O'Grady exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 30.

63. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF THOMASINA L. TURNER**

64. Plaintiff Thomasina L. Turner resides at 427 Orms Street, Providence, RI 02908.

65. On or about May 24, 2005 Plaintiff Thomasina L. Turner obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

66. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

67. In connection with the transaction, Plaintiff Thomasina L. Turner received or signed the following documents:

1. A note in the principal amount of $166,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 31;
5. A One Week Cancellation Period form; attached as Exhibit 32; and
6. A HUD-1 Settlement Statement.

68. On or about June 19, 2006 Plaintiff Thomasina L. Turner exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 33.

69. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF DONALD R. DESLAURIERS**

70. Plaintiff Donald R. Deslauriers resides at 878 Bernon Street, Woonsocket, RI 02895.

71. On or about May 18, 2005 Plaintiff Donald R. Deslauriers obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

72. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

73. In connection with the transaction, Plaintiff Donald R. Deslauriers received or signed the following documents:

1. A note in the principal amount of $222,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 34;
5. A One Week Cancellation Period form; attached as Exhibit 35; and
6. A HUD-1 Settlement Statement.

74. On or about June 26, 2006 Plaintiff Donald R. Deslauriers exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 36.

75. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFFS TINA M. VALLIERE AND LOUIS J. VALLIERE**

76. Plaintiffs Tina M. Valliere and Louis J. Valliere reside at 25 Gateway Court, Warwick, RI 02889.

77. On or about June 30, 2005 Plaintiffs Valliere obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

78. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs' loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiffs as referenced herein.

79. In connection with the transaction, Plaintiffs Valliere received or signed the following documents:

1. A note in the principal amount of $213,514;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 37;
5. A One Week Cancellation Period form; attached as Exhibit 38; and
6. A HUD-1 Settlement Statement.

80. On or about July 17, 2006 the Plaintiffs Valliere exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy

of the notice is attached as Exhibit 39.

81. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF KEVIN MORGAN**

82. Plaintiff Kevin Morgan resides at 27 Rodman Street, Providence, RI 02907.

83. On or about April 13, 2004 Plaintiff Kevin Morgan obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

84. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

85. In connection with the transaction, Plaintiff Kevin Morgan received or signed the following documents:

1. A note in the principal amount of $120,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 40;
5. A One Week Cancellation Period form; attached as Exhibit 41; and
6. A HUD-1 Settlement Statement.

86. On or about July 17, 2006 Plaintiff Kevin Morgan exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy

of the notice is attached as Exhibit 42.

87. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFFS MARK E. FAZIO SR. AND GAYLE M. FAZIO**

88. Plaintiffs Mark E. Fazio and Gayle M. Fazio reside at 15 Mayflower Dr., Cranston, RI 02905.

89. On or about August 4, 2005 Plaintiffs Fazio obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

90. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs' loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiffs as referenced herein.

91. In connection with the transaction, Plaintiffs Fazio received or signed the following documents:

1. A note in the principal amount of $197,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 43;
5. A One Week Cancellation Period form; attached as Exhibit 44; and
6. A HUD-1 Settlement Statement.

92. On or about July 17, 2006 the Plaintiffs Fazio exercised their extended right to

rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 45.

93. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFFS ROLAND L. VADENAIS AND SHIRLEY M. VADENAIS**

94. Plaintiffs Roland L. Vadenais and Shirley M. Vadenais reside at 398 Nausauket Road, Warwick, RI 02886.

95. On or about April 5, 2004 Plaintiffs Vadenais obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

96. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs' loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiffs as referenced herein.

97. In connection with the transaction, Plaintiffs Vadenais received or signed the following documents:

1. A note in the principal amount of $95,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 46;
5. A One Week Cancellation Period form; attached as Exhibit 47; and
6. A HUD-1 Settlement Statement.

98. On or about July 5, 2006 the Plaintiffs Vadenais exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 48.

99. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiffs received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF LINDA S. SILVA**

100. Plaintiff Linda S. Silva resides at 34 Spencer Rd.,Greenville, RI 02828.

101. On or about July 29, 2005 Plaintiff Linda S. Silva obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

102. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

103. In connection with the transaction, Plaintiff Linda S. Silva received or signed the following documents:

1. A note in the principal amount of $256,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 49;
5. A One Week Cancellation Period form; attached as Exhibit 50; and
6. A HUD-1 Settlement Statement.

104. On or about June 5, 2006 Plaintiff Linda S. Silva exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 51.

105. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF CHARLES E. SULLIVAN**

106. Plaintiff Charles E. Sullivan resides at 14 Curtis Street, Warwick, RI 02889.

107. On or about July 18, 2005 Plaintiff Charles E. Sullivan obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

108. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

109. In connection with the transaction, Plaintiff Charles E. Sullivan received or signed the following documents:

1. A note in the principal amount of $81,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 52;
5. A One Week Cancellation Period form; attached as Exhibit 53; and
6. A HUD-1 Settlement Statement.

110. On or about July 5, 2006 Plaintiff Charles E. Sullivan exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 54.

111. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF LISA A. REBELLO (RODI)**

112. Plaintiff Lisa A. Rebello (Rodi) resides at 16 Gary Street, Warwick, RI 02888.

113. On or about February 3, 2005 Plaintiff Lisa A. Rebello (Rodi) obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

114. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

115. In connection with the transaction, Plaintiff Lisa A. Rebello (Rodi) received or signed the following documents:

1. A note in the principal amount of $203,150;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 55;
5. A One Week Cancellation Period form; attached as Exhibit 56; and
6. A HUD-1 Settlement Statement.

116. On or about June 26, 2006 Plaintiff Lisa A. Rebello (Rodi) exercised her extended

right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 57.

117. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF TRACY A. BUTLER**

118. Plaintiff Tracy A. Butler resides at 21 Touisset Road, Warren, RI 02885.

119. On or about February 11, 2005 Plaintiff Tracy A. Butler obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

120. The closing of said refinancing transaction was conducted by a title company named, Nicholas Barrett & Associates. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

121. In connection with the transaction, Plaintiff Tracy A. Butler received or signed the following documents:

1. A note in the principal amount of $126,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 58;
5. A One Week Cancellation Period form; attached as Exhibit 59; and
6. A HUD-1 Settlement Statement.

122. On or about July 3, 2006 Plaintiff Tracy A. Butler exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy

of the notice is attached as Exhibit 60.

123. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

## DEFENDANT

124. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

125. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

126. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

127. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## COUNT I - TRUTH IN LENDING ACT

128. Plaintiffs incorporate ¶¶ 1-123 as if fully set out herein.

129. Because all of the refinance transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

130. The copies of the notice of right to cancel actually delivered to each of the Plaintiffs referenced herein were materially confusing and therefore, defective in that they did not specify

the date of the transaction and the date of the expiration of the rescission period.

131. By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give each of the Plaintiffs clear and conspicuous notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Accordingly, Plaintiffs are entitled to exercise their extended right to rescind their loans under the TILA.

132. In the alternative, the Plaintiffs allege that any material disclosures deemed to be received by them were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (see attached Exhibits) detracts from and obfuscates the Notice of Right to Cancel (see attached Exhibits) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time. The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23; (2) 15 U.S.C.

133. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

134. The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and

against Defendant Ameriquest as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Bar # 4019

**JURY DEMAND**

Plaintiffs demand trial by jury.

Christopher M. Lefebvre